**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
AARON BONDAROFF,

                        Plaintiff,                            Civil Action No. 07
                                                        Civ. 7952 (JES)

      -against-

ANYTHING CORP., and KIERNAN COSTELLO,        PLAINTIFF'S
Individually,                                     REPLY TO
                                              COUNTERCLAIMS
                        Defendants.
------------------------------------------------------------------X

Plaintiff, AARON BONDAROFF (also referred to alternatively the "Bondaroff"), by his

attorneys, Gersten Savage LLP, for his Reply to the Counterclaims of the Defendants,

ANYTHING CORP. ("AC") and KIERNAN COSTELLO ("Costello" and jointly with

AC, the "Defendants"), hereby alleges and states as follows:

    80. Neither admits nor denies the allegations that this Court has jurisdiction as these

allegations consist of legal conclusions and make no factual allegations.

    81. Neither admits nor denies the allegations that venue is proper as these allegations

consist of legal conclusions and make no factual allegations, except denies the allegations

that any actions on his part gave rise to any counterclaim.

    82. Admits that AC is a domestic corporation and denies that AC has any rights to

sell any product under the trademark "aNYthing."

    83. Denies the financial allegations, except admits that he worked in various positions

in Manhattan and designed and sold tee shirts and sneakers and other items using the

trademark "aNYthing".

84. Denies each and every allegation contained in paragraph 84, except admits that Bondaroff had seen and continued to see the potential in marketing his downtown persona by selling tee shirts and other merchandise.

85. Denies each and every allegation contained in paragraph 85, except admits that Costello, who had no prior involvement with apparel or the trade-mark, approached Bondaroff with a proposal to become a shareholder in an entity to promote the trade-mark and apparel. Defendant Costello represented that he had access to capital from his family and would establish a company in which Bondaroff would own fifty (50%) percent of the shares in exchange for Bondaroff providing his creative, sales and marketing in conjunction with Bondaroff's trademark "**aNYthing**"™ for use on clothing and related items. Defendant Costello was to provide the management expertise and run the company. The trade-name "**aNYthing**"™ was owned exclusively by Bondaroff and that he would retain all rights, including licensing rights, to the trade-name. In reliance on Defendant Costello's representations and promises, Bondaroff permitted Defendant Costello to form a corporation using the trade-name "**aNYthing**"™ with the express understanding that Bondaroff would become a 50% owner of the corporation and that he would control, for all purposes, the use of the trade-name "**aNYthing**"™.

86. Denies each and every allegation contained in paragraph 86, except admits that Costello did contribute certain capital to AC.

87. Denies each and every allegation contained in paragraph 87, except admits Bondaroff was to serve as the personality of the brand and promote the products and create additional products to be sold under the "**aNYthing**" trademark.

88. Denies each and every allegation contained in paragraph 88, except admits that he did receive partial salary payments and did receive money for the use of his apartment to serve as an office.

89. Denies each and every allegation contained in paragraph 89.

90. Denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, except admits that AC did receive some revenues in 2004 as the result of Bondaroff's creativity and promotion.

91. Denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, except admits that AC did receive greater revenues in 2005 as the result of Bondaroff's creativity and promotion.

92. Admits that he promoted his trademark **"aNYthing"** by concerts, and through the media and social events.

93. Denies each and every allegation contained in paragraph 93, except admits that Costello wanted to and did open a retail outlet.

94. Denies each and every allegation contained in paragraph 94, except admits that retail location at Hester Street was opened.

95. Denies each and every allegation contained in paragraph 95.

96. Denies each and every allegation contained in paragraph 96.

97. Denies each and every allegation contained in paragraph 97.

98. Denies each and every allegation contained in paragraph 98, except admits that AC, without Bondaroff's prior knowledge or approval, improperly filed a registration application for the trademark **"aNYthing"**.

99. Denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and expressly denies that AC has any right to use the trademark or continue to use the trademark.

100.    Denies each and every allegation contained in paragraph 100, except admits that a retail store using Bondaroff's trademark did open in or about December 2005.

101.    Denies each and every allegation contained in paragraph 101, except admits that a retail store using Bondaroff's trademark did have increased sales and that Bondaroff continued to promote his trademark and the brand that it represented.

102.    Denies each and every allegation contained in paragraph 102, except admits that he did spend some time at 205 Chrystie as part of the promotion of the mark and marketing of his persona in relation thereto.

103.    Denies each and every allegation contained in paragraph 103.

104.    Denies each and every allegation contained in paragraph 104, except admits that he did make contributions to the "Glob" which was his creation and blog.

105.    Denies each and every allegation contained in paragraph 105, except denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 relating to the sales of AC.

106.    Denies each and every allegation contained in paragraph 106, except denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 relating to the profits, losses or sales of AC.

107.    Denies each and every allegation contained in paragraph 107.

108.    Denies each and every allegation contained in paragraph 108.

109.    Denies each and every allegation contained in paragraph 109.

110.    Denies each and every allegation contained in paragraph 110.

111.    Denies each and every allegation contained in paragraph 111.

112.    Denies each and every allegation contained in paragraph 112.

113.    Denies each and every allegation contained in paragraph 113, except admits that Shamara Bondaroff was hired to provide the sales, management and other office functions that were to have been provided by Costello but which he was incapable of providing or did not provide.

114.    Denies each and every allegation contained in paragraph 114 except admits that Shamara Bondaroff provided the sales, management and other office functions that were to have been provided by Costello and required those documents for those functions.

115.    Denies each and every allegation contained in paragraph 115 except admits that Shamara Bondaroff provided the sales, management and other office functions that were to have been provided by Costello and required those documents for those functions.

116.    .Denies each and every allegation contained in paragraph 116, except admits that charges were made for the benefit of AC.

117.    Denies each and every allegation contained in paragraph 117.

118.    Denies each and every allegation contained in paragraph 118.

119.    Denies each and every allegation contained in paragraph 119 except admits that Bondaroff properly sought to register his trademark "**aNY thing**").

120.    Denies each and every allegation contained in paragraph 120.

121.    Denies each and every allegation contained in paragraph 121 except admits that a proper cease and desist letter was sent regarding use of the trademark.

122.    Denies each and every allegation contained in paragraph 122

123.    Denies each and every allegation contained in paragraph 123

124.    Denies each and every allegation contained in paragraph 124 except admits that Costello did wrongfully file a trademark application and seek to steal Bondaroff trademark.

125.    Denies each and every allegation contained in paragraph 125.

126.    Denies each and every allegation contained in paragraph 126.

127.    Denies each and every allegation contained in paragraph 127.

128.    Denies each and every allegation contained in paragraph 128.

129.    Denies each and every allegation contained in paragraph 129

130.    Denies each and every allegation contained in paragraph 130.

131.    Denies each and every allegation contained in paragraph 131.

132.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 131 of this Answer to the Counterclaims as though set forth hereat in full.

133.    Denies each and every allegation contained in paragraph 133.

134.    Denies each and every allegation contained in paragraph 134.

135.    Denies each and every allegation contained in paragraph 135.

136.    Denies each and every allegation contained in paragraph 136.

137.    Denies each and every allegation contained in paragraph 137.

138.    Denies each and every allegation contained in paragraph 138.

139.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 139 of this Answer to the Counterclaims as though set forth hereat in full.

140.    Denies each and every allegation contained in paragraph 140.

141.    Denies each and every allegation contained in paragraph 141.

142.    Denies each and every allegation contained in paragraph 142.

143.    Denies each and every allegation contained in paragraph 143.

144.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 143 of this Answer to the Counterclaims as though set forth hereat in full.

145.    Denies each and every allegation contained in paragraph 145.

146.    Denies each and every allegation contained in paragraph 146.

147.    Denies each and every allegation contained in paragraph 147.

148.    Denies each and every allegation contained in paragraph 148.

149.    Denies each and every allegation contained in paragraph 149.

150.    Denies each and every allegation contained in paragraph 150.

151.    Denies each and every allegation contained in paragraph 151.

152.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 151 of this Answer to the Counterclaims as though set forth hereat in full.

153.    Denies each and every allegation contained in paragraph 153.

154.    Denies each and every allegation contained in paragraph 154.

155.    Admits each and every allegation contained in paragraph 155.

156.    Denies each and every allegation contained in paragraph 156 except admits that the mark is valid and distinctive and is owned by Bondaroff exclusively.

157.    Denies each and every allegation contained in paragraph 157 except admits that mark has acquired a secondary meaning and is associated with Bondaroff as a source of origin.

158.    Denies each and every allegation contained in paragraph 162 except admits that the blog was and is associated with Bondaroff for all purposes Denies each and every allegation contained in paragraph 159.

159.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 158 of this Answer to the Counterclaims as though set forth hereat in full.

160.    Denies each and every allegation contained in paragraph 160 except admits that sales were made through the website and that it contains a link to the blog known as "GLOB".

161.    Denies each and every allegation contained in paragraph 161 except admits that the blog was and is associated with Bondaroff for all purposes.

162.    Denies each and every allegation contained in paragraph 162 except admits that the blog was and is associated with Bondaroff for all purposes.

163.    Denies each and every allegation contained in paragraph 163 except admits that the blog was and is associated with Bondaroff for all purposes.

164.    Denies each and every allegation contained in paragraph 164.

165.    Denies each and every allegation contained in paragraph 165.

166.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 165 of this Answer to the Counterclaims as though set forth hereat in full.

167.    Denies each and every allegation contained in paragraph 167.

168.    Denies each and every allegation contained in paragraph 168.

169.    Denies each and every allegation contained in paragraph 169.

170.    Denies each and every allegation contained in paragraph 170.

171.    Denies each and every allegation contained in paragraph 171 except that Bondaroff use of his mark is proper in all respects as designating him as the true source of origin of the goods, products and services that are from him.

172.    Denies each and every allegation contained in paragraph 172.

173.    Denies each and every allegation contained in paragraph 173.

174.    Denies each and every allegation contained in paragraph 174.

175.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 174 of this Answer to the Counterclaims as though set forth hereat in full.

176.    Denies each and every allegation contained in paragraph 176.

177.    Denies each and every allegation contained in paragraph 177.

178.    Denies each and every allegation contained in paragraph 178.

179.    Denies each and every allegation contained in paragraph 179.

180.    Denies each and every allegation contained in paragraph 180.

181.    Denies each and every allegation contained in paragraph 181.

182.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 181 of this Answer to the Counterclaims as though set forth hereat in full.

183.    Denies each and every allegation contained in paragraph 183.

184.    Denies each and every allegation contained in paragraph 184.

185.    Denies each and every allegation contained in paragraph 185.

186.    Denies each and every allegation contained in paragraph 186.

187.    Denies each and every allegation contained in paragraph 187.

188.    Denies each and every allegation contained in paragraph 188.

189.    Denies each and every allegation contained in paragraph 189.

190.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 190 of this Answer to the Counterclaims as though set forth hereat in full.

191.    Denies each and every allegation contained in paragraph 191.

192.    Denies each and every allegation contained in paragraph 192.

193.    Denies each and every allegation contained in paragraph 193.

194.    Denies each and every allegation contained in paragraph 194.

195.    Denies each and every allegation contained in paragraph 195.

196.    Denies each and every allegation contained in paragraph 196.

197.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 196 of this Answer to the Counterclaims as though set forth hereat in full.

198.    Denies each and every allegation contained in paragraph 198.

199.    Denies each and every allegation contained in paragraph 199.

200.    Denies each and every allegation contained in paragraph 200.

201.    Denies each and every allegation contained in paragraph 201.

202.    Denies each and every allegation contained in paragraph 202.

203.    Denies each and every allegation contained in paragraph 203.

204.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 203 of this Answer to the Counterclaims as though set forth hereat in full.

205.    Denies each and every allegation contained in paragraph 205.

206.    Denies each and every allegation contained in paragraph 206.

207.    Denies each and every allegation contained in paragraph 207.

208.    Denies each and every allegation contained in paragraph 208.

209.    Denies each and every allegation contained in paragraph 209.

210.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 209 of this Answer to the Counterclaims as though set forth hereat in full.

211.    Denies each and every allegation contained in paragraph 211.

212.    Denies each and every allegation contained in paragraph 212.

213.    Denies each and every allegation contained in paragraph 213.

214.    Denies each and every allegation contained in paragraph 214.

215.    Denies each and every allegation contained in paragraph 215.

216.    Denies each and every allegation contained in paragraph 216.

217.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 216 of this Answer to the Counterclaims as though set forth hereat in full.

218.    Denies each and every allegation contained in paragraph 218.

219.    Denies each and every allegation contained in paragraph 219.

220.    Denies each and every allegation contained in paragraph 220.

221.    Denies each and every allegation contained in paragraph 221.

222.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 221 of this Answer to the Counterclaims as though set forth hereat in full.

223.    Denies each and every allegation contained in paragraph 223.

224.    Denies each and every allegation contained in paragraph 224.

225.    Denies each and every allegation contained in paragraph 225.

226.    Denies each and every allegation contained in paragraph 226.

227.    Denies each and every allegation contained in paragraph 227.

228.    Denies each and every allegation contained in paragraph 228.

229.    Denies each and every allegation contained in paragraph 229.

230.    Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 229 of this Answer to the Counterclaims as though set forth hereat in full.

231.    Denies each and every allegation contained in paragraph 231.

232.    Denies each and every allegation contained in paragraph 232.

233.    Denies each and every allegation contained in paragraph 233.

234.     Denies each and every allegation contained in paragraph 234.

235.     Denies each and every allegation contained in paragraph 235.

236.     Repeats and realleges each and every allegation, admission and denial contained in paragraphs 80 through 236 of this Answer to the Counterclaims as though set forth hereat in full.

237.     Denies each and every allegation contained in paragraph 237.

238.     Denies each and every allegation contained in paragraph 238.

239.     Denies each and every allegation contained in paragraph 239.

240.     Denies each and every allegation contained in paragraph 240.

**WHEREFORE**, Plaintiff requests judgment against Defendants on the Counterclaims as follows:

a)     Dismissal of each and every counterclaim.

b)     Injunctive relief requiring Defendants to cease and desist in their use of the trademark "**aNYthing**"™ and any confusingly similar adaptation or likeness thereof;

c)     Injunctive relief requiring Defendants to cease and desist from any and all advertisements, statements, descriptions or other activities which seek to convey that Plaintiff is associated with, endorses or is affiliated with Defendants;

d)     Injunctive relief requiring Defendants to cease and desist from any and all activity which is likely to cause consumer confusion as to the source of any goods or services offered by Defendants;

e)     Assignment to Plaintiff of all rights to the assumed name "A New York Thing" and the corporate name "aNYthing" Corp.;

f)     Injunctive relief requiring Defendants to cease and desist from any and all activity to seek to register the mark "**aNYthing**"™;

g)      Injunctive relief requiring Defendants to cease and desist from using any photograph or other graphic image or likeness of Plaintiff in advertising or otherwise;

h)      Compensatory damages including unjust enrichment in an amount to be determined at trial;

i)      An award of reasonable attorneys' fees;

j)      All costs of the proceeding herein, along with pre and post judgment interest;

k)      Punitive and exemplary damages;

l)      Such other and further relief as the Court deems just and proper under the circumstances.

Date:  October 31, 2007

GERSTEN SAVAGE LLP
Attorneys for Plaintiffs

By: _____
James D. Fornari (JF 3433)
600 Lexington Avenue
New York, New York 10022
Tel:    (212) 752-9700
Fax:   (212) 980-5192

e-mail: jfornari@gerstensavage.com

To:    Robert J. Tracey
CLIFTON BUDD & DeMARIA, LLP
420 Lexington Avenue
New York, New York 10170